
**SEALED**

**FILED**

MAR - 3 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>FRANCISCO GARZA (2),<br>　AKA "Pancho";<br>JOE ANGEL VILLARREAL (3),<br>　AKA "Compadre";<br>FRANK ZEPEDA (4),<br>　AKA "Pancho";<br>JOSE TABARES (5);<br>MATTHEW VILLA (6);<br>MICHELLE ZAMARRIPA (7);<br>JACQUELINE ALVAREZ (8);<br>RODGER HERNANDEZ (9),<br>　AKA "Rocky";<br>JAY HAGGARD (10);<br>▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>OSCAR HEREDIA (16);<br>JASON GUTIERREZ (17),<br>　AKA "Big Mac";<br>JACOB SANCHEZ (18)<br><br>Defendants. | **FIRST SUPERSEDING INDICTMENT**<br><br>Case No.: SA-20-CR-00387-DAE<br><br>COUNT 1: 21 U.S.C. §846, 841(a)(1) & 841(b)(1)(A) – Conspiracy to Possess with Intent to Distribute More Than 500 Grams of a Mixture or Substance Containing Methamphetamine<br><br>COUNT 2: 21 U.S.C. §846, 841(a)(1) & 841(b)(1)(A) – Conspiracy to Possess with Intent to Distribute More Than Five Kilograms of a Mixture or Substance Containing Cocaine<br><br>COUNT 3: 21 U.S.C. §846, 841(a)(1) & 841(b)(1)(B) – Conspiracy to Possess with Intent to Distribute More Than 500 Grams of a Mixture or Substance Containing Cocaine<br><br>COUNT 4: 21 U.S.C. §841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2 – Possession with Intent to Distribute More Than Five Kilograms of a Mixture or Substance Containing Cocaine<br><br>COUNT 5: 21 U.S.C. §841(a)(1) & 841(b)(1)(A) – Possession with Intent to Distribute More Than 500 Grams of a Mixture or Substance Containing Methamphetamine<br><br>COUNT 6: 21 U.S.C. §841(a)(1) & 841(b)(1)(A) – Possession with Intent to Distribute More Than 500 Grams of a Mixture or Substance Containing Methamphetamine<br><br>COUNT 7: 21 U.S.C. §841(a)(1) & 841(b)(1)(A) – Possession with Intent to Distribute More Than 500 Grams of a Mixture or Substance Containing Methamphetamine<br><br>COUNT 8: 21 U.S.C. §841(a)(1) & 841(b)(1)(A) – Possession with Intent to Distribute More Than 500 Grams of a |

Mixture or Substance Containing Methamphetamine

COUNT 9: 21 U.S.C. §841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2 – Possession with Intent to Distribute More Than 500 Grams of a Mixture or Substance Containing Methamphetamine

COUNT 10: 21 U.S.C. §841(a)(1) & 841(b)(1)(A) – Possession with Intent to Distribute More Than 500 Grams of a Mixture or Substance Containing Methamphetamine

COUNT 11: 18 U.S.C. §922(g) – Felon in Possession of a Firearm

THE GRAND JURY CHARGES:

## COUNT ONE
[21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)]

That beginning in or around April 2020, the precise date unknown, and continuing to in or about September 2020, the precise date unknown, in the Western District of Texas and elsewhere, Defendants

FRANCISCO GARZA (2), AKA "Pancho",
JOE ANGEL VILLARREAL (3), AKA "Compadre",
FRANK ZEPEDA (4), AKA "Pancho",
JOSE TABARES (5),
MATTHEW VILLA (6),
MICHELLE ZAMARRIPA (7),
JACQUELINE ALVAREZ (8),
RODGER HERNANDEZ (9), AKA "Rocky",
JAY HAGGARD (10),

OSCAR HEREDIA (16), and
JACOB SANCHEZ (18)

did knowingly and intentionally combine, conspire, confederate and agree together and with each other, and with other persons known and unknown to the Grand Jury, to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable

amount of methamphetamine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

PENALTY ENHANCEMENT

Before ███████ committed the offense charged in this count, ███████ had a final conviction for a serious drug felony, namely, Conspiracy to Distribute and Possess With the Intent to Distribute Cocaine, under Title 21, United States Code, Section 846, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT TWO
**[21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)]**

That beginning on or about May 12, 2020, and continuing to on or about May 13, 2020, in the Western District of Texas and elsewhere, Defendants

███████

**FRANCISCO GARZA (2), AKA "Pancho"**

███████

did knowingly and intentionally combine, conspire, confederate and agree together and with each other, and with other persons known and unknown to the Grand Jury, to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

## PENALTY ENHANCEMENT

Before ████████████████████████████ committed the offense charged in this count, ████████████████████████████ had a final conviction for a serious drug felony, namely, Conspiracy to Distribute and Possess With the Intent to Distribute Cocaine, under Title 21, United States Code, Section 846, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT THREE
**[21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)]**

That beginning on or about April 25, 2020, and continuing to in or about July 31, 2020, in the Western District of Texas, Defendants

**FRANCISCO GARZA (2), AKA "Pancho" and
JASON GUTIERREZ (17), AKA "Big Mac"**

did knowingly and intentionally combine, conspire, confederate and agree together and with each other, and with other persons known and unknown to the Grand Jury, to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B).

## COUNT FOUR
**[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2]**

That on or about May 13, 2020, in the Western District of Texas and Northern District of Texas, Defendants

████████████████████████████

did knowingly, intentionally and unlawfully possess, and aid and abet each other to possess, with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18 United States Code Section 2.

## COUNT FIVE
**[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)]**

That on or about May 17, 2020, in the Western District of Texas and Northern District of Texas, Defendant

▮

did knowingly, intentionally and unlawfully possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT SIX
**[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)]**

That on or about June 20, 2020, in the Western District of Texas and Northern District of Texas, Defendant

▮

did knowingly, intentionally and unlawfully possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT SEVEN
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)]

That on or about July 13, 2020, in the Western District of Texas and Northern District of Texas, Defendants

**FRANCISCO GARZA (2), AKA "Pancho" and**
█████████████

did knowingly, intentionally and unlawfully possess, and aid and abet each other to possess, with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT EIGHT
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)]

That on or about July 31, 2020, in the Western District of Texas, Defendant

**OSCAR HEREDIA (16)**

did knowingly, intentionally and unlawfully possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT NINE
### [21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2]

That on or about August 7, 2020, in the Western District of Texas, Defendants

**FRANCISCO GARZA (2), AKA "Pancho"**
**JOSE TABARES (5), and**
**MICHELLE ZAMARRIPA (7),**

did knowingly, intentionally and unlawfully possess, and aid and abet each other to possess, with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers,

in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18 United States Code Section 2.

## COUNT TEN
## [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)]

That on or about August 28, 2020, in the Western District of Texas, Defendants

**RODGER HERNANDEZ (9), AKA "Rocky" and
JAY HAGGARD (10)**

did knowingly, intentionally and unlawfully possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A).

## COUNT ELEVEN
## [18 U.S.C. § 922(g)]

That on or about August 28, 2020, in the Western District of Texas, Defendant

**JAY HAGGARD (10),**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Taurus semi-automatic pistol, serial number TCT50487, and said firearm had been shipped and transported in interstate and foreign commerce in violation of Title 18, United States Code, Sections 922(g)(1).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
*[See* **Fed. R. Crim. P. 32.2]**

### I.
### Controlled Substance Violations and Forfeiture Statutes
**[Title 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A,) 841(b)(1)(B,) and 2; subject to forfeiture pursuant to Title 21 U.S.C. § 853(a)(1) and (2)]**

As a result of the criminal violations set forth in Counts One through Ten, the United States gives notice to Defendants of its intent to seek the forfeiture of the properties described below

upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. § 853(a)(1) and (2), which states the following:

### Title 21 U.S.C. § 853. Criminal forfeiture
#### (a) Property subject to criminal forfeiture
Any person convicted of a violation of this subchapter or subchapter II of this chapter shall forfeit to the United States . . .
> (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

## II.
## Firearms Violations and Forfeiture Statutes
**[Title 18 U.S.C. § 922(g)(1), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461]**

As a result of the criminal violation set forth in Count Eleven, the United States gives notice to Defendants of its intent to seek the forfeiture of the properties described below upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461, which states:

### Title 18 U.S.C. § 924. Penalties

(d)(l) Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (g) . . . of section 922 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter. . .

This Notice of Demand for Forfeiture includes but is not limited to the properties described in paragraph III.

## III.
### Real Properties

Real Property located at **610 W Rosewood Ave., San Antonio, Bexar County, Texas 78212** more particularly described as Lots 13 And 14, Block 22, New City Block 6421, Beacon Hill Terrace, In The City Of San Antonio, Bexar County, Texas, According To Plat Thereof Recorded In Volume 368, Page 339, Deed And Plat Records Of Bexar County, Texas.

Real Property located at **239 Agnes, San Antonio, Bexar County, Texas 78212** more particularly described as Being 0.138 Acres Of Land Out Of Lots 46 And 47, Block 20,

New City Block 7324, Kenwood Addition, City Of San Antonio, Bexar County, Texas, According To Plat Recorded In Volume 105, Page 49, Deed And Plat Records; Bexar County, Texas.

Real Property located at **235 Joe Blanks, San Antonio, Bexar County, Texas 78237** more particularly described as Lot 21 Block 6 New City Block 12960 Known As 235 Joe Blanks, City of San Antonio Bexar County, Texas.

Real Property located at **690 Blue Bill Cove Dr, Lakehills, Bandera County, Texas 78063** more particularly described as Part Of Lot 12 And Part Of Lot 13, Block 6, Subdivision C, Of Lake Medina Highlands, A Subdivision Of Record In Bandera County, Texas, As Recorded In Volume 1, Page 5, Of The Map And Plat Records Of Bandera County, Texas

### Personal Property

- Taurus semi-automatic pistol, serial number TCT50487

### Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, as a result of the violations set forth above for which Defendants are individually liable.

### Substitute Assets

If any of the properties described above, as a result of any act or omission of Defendants:

a. cannot be located upon the exercise of due diligence;
b. have been transferred or sold to, or deposited with, a third party;
c. have been placed beyond the jurisdiction of the Court;
d. have been substantially diminished in value; or
e. have been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property owned by Defendants

up to the value of said Money Judgment as substitute assets pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. § 853(p).

ASHLEY C. HOFF
UNITED STATES ATTORNEY

BY: _____
ERIC YUEN
Assistant United States Attorney