UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>▆▆▆▆▆▆▆▆▆▆▆▆▆<br>FRANCISCO GARZA (2),<br>  AKA "Pancho";<br>JOE ANGEL VILLARREAL (3),<br>  AKA "Compadre";<br>FRANK ZEPEDA (4),<br>  AKA "Pancho";<br>JOSE TABARES (5);<br>MATTHEW VILLA (6);<br>MICHELLE ZAMARRIPA (7);<br>JACQUELINE ALVAREZ (8);<br>RODGER HERNANDEZ (9),<br>  AKA "Rocky";<br>JAY HAGGARD (10);<br>▆▆▆▆▆▆▆▆▆▆▆▆▆<br>OSCAR HEREDIA (16);<br>JASON GUTIERREZ (17),<br>  AKA "Big Mac";<br>JACOB SANCHEZ (18);<br><br>    Defendants. | SA-20-CR-00387-DAE |

**MOTION FOR A PROTECTIVE**
**ORDER PURSUANT TO F.R.Cr.P. 16(d)**

Pursuant to Rule 16(d)(1), Fed. R. Crim. P, the United States of America, by and through the United States Attorney for the Western District of Texas, seeks a Protective Order pertaining to discovery that will be produced in the above-captioned case. In support of its Motion, the United States shows the following:

1. On or about March 3, 2021, a Grand Jury sitting in the Western District of Texas, San Antonio Division, returned an eleven-count superseding indictment in the above-named case.

2. Rule 16(d)(1) of the Federal Rules of Criminal Procedure explicitly provides that "at any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).[1] The Supreme Court counseled long ago that "[t]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969); *see also United States v. Carriles*, 654 F. Supp. 2d. 557, 566 (W.D. Tex. 2009) (citing *Alderman*). The Fifth Circuit has held that discovery motions are matters committed to the sound discretion of the trial court and are reviewed only for abuse of discretion. *United States v. Stone*, 472 F.2d 909, 916 (5th Cir. 1973).

3. The discovery materials in this case are sensitive and involve a court-authorized wiretap, as well as at least one confidential informant. They pertain to an investigation that is, in part, ongoing, as several indicted defendants remain at large. The integrity of the United States' investigative efforts could be jeopardized if information contained in the discovery materials were made widely available. *See United States v. Nava-Salazar*, 30 F.3d 788, 800-801 (7th Cir. 1994).

4. Accordingly, the United States seeks a protective order restricting the dissemination of any and all discovery materials provided to any person other than the attorneys in this case. It would not preclude any defense counsel from discussing any provided discovery with the client; the order requires that the defense counsel not reproduce, share, or disseminate the materials to any other

---

[1] Given the nature of the relief requested herein, the United States respectfully asks for a variance from the Court's Standing Discovery Order deadlines until such time that its Motion is acted upon. *See* Fed. R. Crim. P. 16(d)(1), and from the procedure consistent with the pleadings herein.

person. For purposes of this order, defense counsel shall include any defense investigator and/or support staff working at the direction of the attorney of record, but such persons are likewise bound by the order.

WHEREFORE, PERMISES CONSIDERED, the United States respectfully requests that the above-described discovery material and documents related to the ongoing criminal investigation be protected from disclosure as set forth herein.

Dated this 24th day of March, 2021.

Respectfully submitted,

ASHLEY C. HOFF
UNITED STATES ATTORNEY

\_\_/s/_____
ERIC YUEN
Assistant United States Attorney
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7131

CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

                                                              /s/
                                              ERIC YUEN
                                              Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>██████████<br><br>**FRANCISCO GARZA (2)**,<br>　AKA "Pancho";<br>**JOE ANGEL VILLARREAL (3)**,<br>　AKA "Compadre";<br>**FRANK ZEPEDA (4)**,<br>　AKA "Pancho";<br>**JOSE TABARES (5)**;<br>**MATTHEW VILLA (6)**;<br>**MICHELLE ZAMARRIPA (7)**;<br>**JACQUELINE ALVAREZ (8)**;<br>**RODGER HERNANDEZ (9)**,<br>　AKA "Rocky";<br>**JAY HAGGARD (10)**;<br>██████████<br>**OSCAR HEREDIA (16)**;<br>**JASON GUTIERREZ (17)**,<br>　AKA "Big Mac";<br>**JACOB SANCHEZ (18)**;<br><br>　　Defendants. | SA-20-CR-00387-DAE |

## PROTECTIVE ORDER

On this date came on to be considered the Motion Seeking a Protective Order Pursuant to F.R.Cr.P. 16(d)(1), in the above entitled and numbered cause and the Court having considered the same finds that the United States has shown "good cause" for the issuance of the proposed Protective

5

Order.  Accordingly, the Court **GRANTS** the United States' motion and enters the following order:

IT IS ORDERED that given the sensitive nature of the discovery material, the dissemination of any discovery materials provided, to any person, other than the Attorneys of Record for the Defendant, in this case is prohibited. For purposes of this order, Attorneys of Record includes any defense investigator and/or support staff working at the direction of the Attorney of Record; such persons are likewise bound by the restraints of this order.

IT IS FURTHER ORDERED that no Attorney of Record in the above-captioned cause shall release any discovery to any person, including but not limited to the Defendants' family members or Defendants' associates.  In the event any written or electronic discovery is provided to the defense, attorneys may **show** discovery to their client(s), and may **discuss** the information with their client(s); however, attorneys may **not reproduce or disseminate** any discovery, or copies of discovery to anyone, including the client.

IT IS FURTHER ORDERED that if any Attorney of Record is substituted in this cause, all discovery materials, including copies thereof, shall immediately be returned to counsel of record for the United States, who will be obligated to provide a copy of the discovery materials to new counsel upon new counsel acknowledging his or her obligations under this Order.

FINALLY, IT IS ORDERED that a copy of this Order shall be furnished to counsel of record in this case and any successive counsel of record who enter an appearance after the date of this Order.

SIGNED AND ENTERED this _____ day of _____, 2021.

_____
DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE